IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA ✱ ✱
PLAINTIFF,                ✱
                          ✱      CRIMINAL NO. 99-255 (HL)
    VS.                   ✱
                          ✱
ABDUL MENDOZA-LEBRON      ✱
DEFENDANT.                ✱
✱ ✱ ✱ ✱ ✱ ✱ ✱ ✱ ✱ ✱ ✱ ✱ ✱ ✱

DEFENDANT'S MOTION REQUESTING A
COURT ORDER TO MAKE BUREA OF
PRISIONS (BOP) TO GIVE CREDIT OF
THE DEFENDANT'S SERVICE OF
SENTENCE AFTER SENTENCED

RECEIVED & FILED
'4 NOV -4 PM 1:27
CLERKS OFFICE
U.S. DISTRICT COURT
SAN JUAN. P.R.

COMES NOW, the DEFENDANT ABDUL MENDOZA-LEBRON, acting PROSE, and respectfully request that this Honorable Court issue an Order to the effects that Bureau of Prisions (BOP) gives credit toward the Defendant's service of the time he has spent in Federal Official detention after he was sentenced by this Honorable Court in connection with the offense on the instant case. In Support thereof, the Defendant avers as Follows:

I. VENUE

Venue of this Honorable Court to enter into the merits of request is governed by the Title 28 of United States Code Annotated (U.S.C.A.) § 1391(e) wich

Pg 1-7

U.S v. ABDUL MENDOZA-LEBRON
Criminal Case 99-255 (HL)

States inter-alia:
   "A Civil action in wich the defendant is on
   OFFICER or employee of the United States or any
   agency thereof acting in his official capacity...
   may... be brought in any judicial district in
   wich (1) a defendant in the action resides, (2) a
   a substantial part of the events or omissions
   giving rise to the claim occured...".

## II. JURISDICTION

Jurisdiction to enforce a final judment is found in
Rule 54 (c) of Federal Rules of Civil Procedure wich
states inter-alia:
   "Except as to a party against whom a judment
   is entered by default, every final judment shall
   grant the relief to wich the party in whose
   favor it is rendered is entitled...".

## III. MEMORANDUM OF LAW

In the United States Code Annotated (U.S.C.A.) § 3585
is established that:
   "(a) Commencement of Sentence - A sentence to a
   term of imprisonment commences on the date
   the defendant is received in custody-awaiting
   transportation to... the official detention
   facility at wich the sentence commences-

Pg 2-7

U.S. v. ABDUL MENDOZA-LEBRON
CRIMINAL CASE   99-255 (HL)

(1) as a result of the offense for which
the sentence was 'imposed...".

IV. MEMORANDUM OF CASES RELATED
On U.S. v. Becak, C.A. 6 (Tenn) 1992, 954 F. 2d 386   the court
held that:
"For purposes of statute providing that
defendant shall be given credit toward
service of term of imprisonment for any
time spent in official detention prior to
date sentences, comences - official detention
Means incarceration -".

On Kayfez v. Gasele, C.A. 7 (Wis.) 1993, 993 F. 2d 1288 the court
held that:
"Post conviction petitioner serving concurrent
state and Federal sentences was entitled
to credit against his Federal sentence for
all his presentence incarceration, even
though time he had already been credited
against state sentence; since defendant's
sentence were concurrent, crediting only
against state sentence would not reduce
his period of actual 'imprisonment"

U.S. v. ABDUL MENDOZA-CEBEDIO
CRIMINAL CASE 99-255 (HL)

## V. ARGUMENTS

Defendant was arrested by the F.B.I on Criminal case 99-255 (HL) and brought from State Prision to MDC. Guaynabo (Federal Prision) on August 24, 1999. Aproximately Five (5) months before his arrest, defendant began to cooperate with both Federal and State Governments. On March 6, 2000, defendant pled guilty and on June 18, 2001 was sentenced by this Honorable Court to ninety six (96) Months of imprisonment, and finally was resentenced on August 17, 2004 to a total of Forty Eight (48) months of imprisonment.

   As part of the Judgment of June 18, 2001 and August 17, 2004 this Honorable Court ordered that "Time served in connection with this offense shall be credited". The is that the Bureau of Prisions (BOP) is computing the defendant's time of imprisonment beginning on December 4, 2001 this is twenty seven (27) months and ten (10) days after defendant's Federal arrest and arrival to MDC. Guaynabo and Five (5) months, sixteen (16) days after the original sentence by this Honorable Court (see attachment).

## VI. RELIEF SOUGHT

It is clearly well established tha this Honorable Court might issue an order to the effects that Bureau of Prisions (BoP) computes the defendant's time of imprisonment starting from the moment this Honorable Court sentenced him on June 18, 2001

Pg 4-7

U.S.V. ABDUL MENDOZA-CEBRON
CRIMINAL CASE 99-255 (HL)

iF after entering the merits on the instant case,
Defendant is not requesting to obtain credit
toward his presentence time spend under Federal
Custody even though there exists some precedents
to those effects.
        It is also well established from the record that
this Honorable Court order, on the Final Judgment on
June 18, 2001 and August 17, 2004, that Bureau of
Prisions (BOP) shall give credit on the time already
served (Defendant arrives to Federal Jurisdiction on
August 24, 1999) in connection with this offense, but
Bureau of Prision (BOP) do not comply with the
disposition of the instant case to give credit toward
that time.


        WHEREFORE, the defendant prays this Honorable
Court to consider all the information herein provided
and issue an order to the effects that Bureau of Prisions
(BOP) comply immediately with the judgment of June 18, 2001
and August 17, 2004, and give credit toward the
service of the term of imprisoment served by the
defendant Since the exact moment. This Honorable Court
sentenced him on June 18, 2001 and not in the way the
BOP has done it From December 4, 2001, (this is Five (5)
months and sixteen (16) days after sentenced).

U.S. v. ABDUL MENDOZA-LEBRON
CRIMINAL CASE 99-255 (HL)

I HEREBERY CERTIFY that on this same date a
true copy of the instant motion was sent to AUSA
SONIA TORRES at Torre Chardon Suite 1201, 350
Carlos Chardon Avenue, San Juan, P.R. 00918

RESPECTFULLY SUBMITTED

On this 24 day of October, 2004 in M.D.C. Guaynabo
San Juan, P.R.

ABDUL Y. MENDOZA LEBRON
Reg. No. 18160-069 Unit 4C
Metropolitan Detention
Center Guaynabo BX 2147
San Juan, P.R. 00922-2147