# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff | CRIM. NO. 99-255(HL) |
| v. | |
| **ABDUL MENDOZA-LEBRÓN** | |
| Defendant | |

## UNITED STATES REPLY TO DEFENDANT'S MOTION REQUESTING ORDER

COMES NOW the United States of America, by and through the undersigned attorneys and very respectfully submits the following reply:

### I. FACTUAL BACKGROUND

1.  Defendant Abdul Mendoza-Lebrón was sentenced on June 6, 2001, to a term of ninety six (96) months with "time served in connection with this offense shall be credited;" and six (6) years of supervised release, for conspiracy to possess with intent to distribute narcotics, in violation of Title 21, United States Code, Section 846..

2.  On August 9, 2004, the United States filed a Motion for a Sentence Reduction Pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure requesting this Honorable Court to reduce defendant's sentence to forty eight (48) months. Thereafter, on August 11, 2004, this Honorable Court granted the government's request.

3.  On November 4, 2004, defendant filed a motion requesting that the Court issue an order to the Bureau of Prisons for federal credit of time spent in state custody after his sentence in the instant case. Mendoza-Lebrón, with register number 18160-69, is currently incarcerated at the Metropolitan Detention Center (MDC), in Guaynabo, Puerto Rico. The Court instructed the United States to respond to defendant claims.

U.S. v. Abdul Mendoza-Lebrón
Crim. No. 99-255(HL)
Page 2

## II. DISCUSSION

1.   The United States submits that the motion should be denied for the following reasons: a) Mendoza-Lebrón has failed to show in his motion that he has exhausted his administrative remedies, divesting the court of subject matter jurisdiction;[1] b) defendant's motion should have been brought as a petition for habeas relief under Title 28 United States Code Section 2241, c) venue is improper; and d) Title 18 United States Code Section 3585 **(b)states that a defendant shall be given credit for a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences as a result of the offense for which the sentence was imposed**. Therefore, the term of imprisonment the defendant was serving for his state offense can not be credited to his federal sentence as that term was not due to the federal sentence but the state sentence and he can not get credit for same.

2.   Mendoza-Lebrón has not alluded to the filing or compliance of any administrative remedy regarding jail time credit. The Bureau of Prisons' Administrative Remedy Program (ARP) is set out at 28 C.F.R. § 542.10, et seq. (2003). Federal inmates may seek review of any aspect of their confinement, through the ARP which provides for a formal, three-tiered review of agency actions by the Warden (Form BP-9), the Regional Director (Form BP-11), and the General Counsel (Form BP-11). 28 C.F.R. ¶ 542.11(a) & 542.15(a). Accordingly, an inmate may appeal a Warden's decision regarding a grievance to the appropriate Regional Director. Similarly, a Regional Director's decision may be appealed to the Bureau of Prisons' General Counsel in Washington, DC. Until each administrative level

---

[1] The United States is currently investigating whether the defendant has exhausted all of the BOP's administrative proceedings.

U.S. v. Abdul Mendoza-Lebrón
Crim. No. 99-255(HL)
Page 3

of the agency has rendered its formal decision, an inmate's administrative remedies have not been exhausted. See 28 C.F.R. ¶ 542.15(a) ("Appeal to the General Counsel is the final administrative appeal.")

3. The Bureau's ARP is well publicized and readily available to all inmates at every Bureau institution. Program Statement 1330.13, Administrative Remedy Program, ¶ 2.a (Aug. 13, 2002) (PS 1330.13) (as amended). One objective of the ARP is to provide a procedure through which "inmates will be able to have any issue related to their incarceration formally reviewed by high-level Bureau officials." PS 1330.13, at ¶ 2.a. Another objective is to ensure policies are correctly applied and interpreted by staff. PS 1330.13, at ¶ 2.d. Consequently, the appropriate forms for filing administrative remedies are readily available to all Bureau of Prisons inmates, ordinarily through their correctional counselor. PS 1330.13, at ¶ 8.c.(1).

4. To the extent the defendant is seeking an Order from this Honorable Court to amend his sentence by granting jail time credit, pursuant to Title 18 United States Code Section 3582(b), he is challenging the manner in which his sentence is being executed. Such a challenge should be brought through a petition for relief pursuant to Title 28 United States Code Section 2241. See Chambers v. United States, 106 F.3d 472, 474 (2nd Cir. 1997) ("A challenge to the execution of a sentence . . . is properly filed pursuant to Section 2241."). A section 2241 petition is a civil proceeding in which a prisoner may (1) challenge the manner in which his sentence is being executed; (2) challenge the revocation of his parole; or (3) claim he is being held after the expiration of his sentence. Martorana v. United States, 873 F.2d 283, 285 (11th Cir. 1989). Since Mendoza-Lebrón has improperly filed this action under his criminal case, this matter should have been filed as a petition for relief pursuant to Section 2241, and not as a criminal motion.

U.S. v. Abdul Mendoza-Lebrón
Crim. No. 99-255(HL)
Page 4

     5.    After sentencing, the Attorney General, through the Bureau of Prisons, is responsible for administering the sentence. Title 18 United States Code Section 3621(a); United States v. Wilson, 503 U.S. 329, 331 (1992) [citing Section 3621(a)]. In doing so, the Attorney General, through the Bureau of Prisons, is responsible for administering Section 3585(b) and determining when federal inmates are entitled to prior custody credit. Wilson, 503 U.S. at 333-35; Dawson v. Scott, 50 F.3d 884, 889 (11th Cir. 1995) (citing Wilson). Consequently, the Bureau of Prisons has policies governing the calculation of inmate sentences and granting of prior custody credit. See Program Statement No. 5880.28, Sentence Computation Manual (CCCA of 1984) (Sept. 20, 1999) (PS 5880.28). In Wilson, the Supreme Court acknowledged the validity of PS 5880.28. Wilson, 503 U.S. at 335-36 (noting Bureau of Prisons developed detailed procedures & guidelines for determining prior custody credit and prisoners are afforded administrative review of credit computations).

     Although the courts retain final authority regarding matters of constitutionality and statutory construction, BOP's policy regarding the award of prior custody credit has been upheld by the federal courts and is entitled to judicial deference. See Reno v. Koray, 515 U.S. 50 (1995); Rodriguez v. Lamer, 60 F.3d 745 (11th Cir. 1995) [citing Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc. 467 U.S. 837 (1984)]. The Bureau's application of Section 3585(b) is consistent with the plain meaning of the statute and the Congressional intent. Consequently, the Bureau's policy and calculation of the Petitioner's prior custody credit is entitled to deference.

     6.    Notwithstanding the above, should the Court entertain defendant's request Title 18 United States Code Section 3585(b) clearly states that "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences...**that has not been credited toward another**

<u>U.S. v. Abdul Mendoza-Lebrón</u>
Crim. No. 99-255(HL)
Page 5

**sentence**." (emphasis added).  Therefore, Petitioner can not be credited for time served in state court prior to his federal sentence.

    WHEREFORE, the United States prays that this Honorable Court deny Petitioner's motion for failing to show that he has exhausted all of the Bureau of Prisons' administrative proceedings, the venue is improper, and finally the Bureau of Prisons determination is substantiated on Title 18 <u>United States Code</u> Section 3585 (b)(1).

RESPECTFULLY SUBMITTED.

    In San Juan, Puerto Rico, this 9th day of December, 2004.

                        H.S. GARCIA
                        United States Attorney

                        <u>/s/Sonia Torres-Pabón</u>
                        Sonia Torres-Pabón
                        USDC No. 209310
                        Chief, Criminal Division
                        United States Attorney's Office
                        Torre Chardón, Suite 1201
                        350 Carlos Chardón Street
                        Hato Rey, Puerto Rico 00918
                        Tel. (787) 766-5656
                        Fax.(787) 766-6222
                        <u>Sonia.Torres2@usdoj.gov</u>

**CERTIFICATE OF SERVICE**

    I hereby certify that on this same date, a copy of the above motion was served by regular mail to Defendant Abdul Mendoza-Lebrón, Reg. No. 18160-069 Unit 4C, Metropolitan Detention Center, Box 2147, San Juan, Puerto Rico 00922-2147.

                        <u>/s/Sonia Torres-Pabón</u>
                        Chief, Criminal Division